UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CASE ACTION NO: 3:19-CV-604-RGJ<br>*Electronically filed* |
| SIX THOUSAND DOLLARS IN<br>UNITED STATES CURRENCY ($6,000.00) | DEFENDANT |

## VERIFIED COMPLAINT
## FOR FORFEITURE IN REM

The United States of America, by counsel, Russell M. Coleman, United States Attorney for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Six Thousand Dollars ($6,000.00) in United States currency.

### JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

5. The defendant is: Six Thousand Dollars in United States Currency ($6,000.00). On or about September 18, 2017, Agents with the United States Postal Inspection Service, seized the defendant property while conducting a review of parcels at the Louisville, KY P&DC. Postal Inspectors pulled the parcel from the mail stream and on September 19, 2017, a Federal Search Warrant was obtained and upon opening, the currency located was seized. The Agents seized the property as proceeds of violations of 21 U.S.C. § 841(a)(1) and (b). The United States Postal Inspection Service began administrative forfeiture proceedings against this property, during which Matthew Hatfield filed the only claim (received by USPI) on or about December 20, 2017). By agreement of counsel for the Claimant, J. Clark Baird, the deadline to file the complaint was extended to August 26, 2019. The defendant property is currently in the custody of the United States Marshals Service.

## THE LAW

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: a) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act (21 U.S.C. § 841); b) proceeds traceable to such an exchange; and c) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## SUMMARY OF RELEVANT FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of Kristi Parkerson, Postal Inspector, United States Postal Inspection Service, which is attached hereto as Exhibit "A", and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

8. The defendant property is money furnished or intended to be furnished in exchange for a controlled substance and traceable thereto and represents money used or intended to be used to facilitate a violation of the Controlled Substance Act. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff respectfully requests:

1. that the Court issue a warrant for the arrest and seizure of the defendant property;

2. that notice of this action be given to all persons known or thought to have an interest in or right against the property;

3. that the defendant property be forfeited and condemned to the United States of America;

4. that the plaintiff be awarded its costs and disbursements in this action; and

5. for such other and further relief as this court deems proper and just.

Respectfully submitted,

RUSSELL M. COLEMAN

United States Attorney

s/Amy M. Sullivan
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097 (fax)
amy.sullivan@usdoj.gov

## VERIFICATION

I, Kristi Parkerson, am a Postal Inspector with the United States Postal Inspection Service. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Kristi Parkerson, Postal Inspector
Postal Inspector, USPIS

Dated: 8-21-19

Subscribed and sworn to before me this 21 day of Aug, 2019.

_____
Notary Public
My Commission expires: 11/29/2022

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
SIX THOUSAND DOLLARS IN U.S. CURRENCY. ($6,000.00)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL INJURY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury - Med. Malpractice | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 365 Personal Injury - Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 350 Motor Vehicle | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 355 Motor Vehicle Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 360 Other Personal Injury | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. 881(a)(6)
Brief description of cause:
drug related seizure of property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 08/23/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# AFFIDAVIT

Kristi M. Parkerson, after being duly sworn, deposes and states as follows:

1. I am a U.S. Postal Inspector assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States mail. I have been a Postal Inspector since February 2012, and I am currently assigned to the Louisville, KY Domicile of the United States Postal Inspection Service's Pittsburgh Division.

2. I have received formal instruction from U.S. Postal Inspectors, Assistant United States Attorneys, and other law enforcement agents who have done extensive work in investigating the sale, distribution. and manufacture of controlled substances. I have received controlled substances training through the U.S. Postal Inspection Service and through contacts with experts from state and federal drug enforcement agencies. I have completed a Basic Prohibited Mail Narcotics training course from the United States Postal Inspection Service in June 2015.

3. During my employment as a law enforcement officer, I have performed the following tasks relevant to this affidavit:

   a. Since May 2012, I have participated in interdictions at the USPS Louisville, KY Processing and Distribution Center searching for packages mailed unlawfully of controlled substances and/or the proceeds from the sale of controlled substances through the United States mail. In particular: I have worked on cases involving the mailing of controlled substances and/or the proceeds from the sale of controlled substances in mail parcels.

   b. I have participated in controlled deliveries of known drug parcels.

   c. I have been present for the execution of search warrants on residences where there was a known drug parcel delivered.

   d. I have participated in interviews with witnesses, cooperating individuals, and informants regarding illegal trafficking in drugs and have read official reports of other officers.

   e. I have been a surveillance officer observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs.

4. Based on my experience and training, I know that certain indicators exist when persons use the United States Mails to ship controlled substances and/or proceeds from the sale of controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from the sale of controlled substances include but are not limited to the following:

   a. It is a common practice for the shippers of the controlled substances and/or the proceeds from the sales of these, to use Express and Priority Mail because the drugs or monies arrive faster and on a predictable date. This system allows mailers to keep track of the shipment of controlled substances or monies. With regard to Express Mail parcels,

shippers pay for the benefit of being able to confirm the current status or delivery of the parcel by checking the U.S. Postal Service Internet Website and/or calling the local post office.

b.      These packages usually have irregularities involving the addresses. They often contain a fictitious return address, incomplete return address, no return address, the return address is the same as the addressee address, or the return address does not match the place from where the parcel was mailed. These packages are often addressed to or from a commercial mail receiving agency (i.e .. The UPS Store, etc.). Such addressing practices are used by narcotics traffickers to hide the true identity of the person(s) shipping and/or receiving the controlled substances from law enforcement officials.

c.      When the shipper mails controlled substances from a particular area/state, the proceeds from the sale of these controlled substances are usually returned to the shipper. There are known source states (Arizona, California, Colorado, Florida, Michigan, Nevada, Oregon, Texas. and Washington) from where controlled substances are regularly mailed.

d.      In order to conceal the distinctive odor of controlled substances from narcotics trained canines, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all the seams. These parcels often contain other parcels or envelopes which are carefully sealed to prevent the escape of odors. Sometimes perfumes, coffee, dryer sheets, tobacco or other smelling substances are used to mask the odor of the controlled substances being shipped. Also, many times the currency is hidden among the pages of magazines or booklets. More recently, parcels have been found to contain heat/vacuum sealed plastic baggies containing controlled substances.

e.      These packages are regularly addressed from person to person rather than being to or from a business. Express mail is an expensive service and is more commonly used for commercial or business purposes.

f.      The mailer often indicates that delivery may be made without the signature of an individual receiving the package. This practice helps conceal and protect the identity of the recipient of the package because no personal contact is necessary for delivery to be made.

g.      Common names, Celebrity names, or Fictitious Character names are regularly used on tile labels in a further attempt to conceal the true identity of the sender and/or recipient of the packages.

h.      The labels on these packages regularly do not include a contact phone number, or if one is included, it is likely to be out of service. This practice is intended prevent law enforcement officials from tracking the sender of a narcotics package through the use of the phone number.

i. The packages in question are often times mailed late in the afternoon so as to shorten the amount of time the package is in the possession of parcel carriers at a single location prior to shipment. Senders of such packages believe that the package is more likely identified by law enforcement officials as containing narcotics the longer it sits at one location prior to shipping.

j. The packages in question often use third party shipping and or moving boxes as the outer shipping container instead of USPS branded boxes. USPS branded boxes are supplied to shippers free of charge as long as the sender agrees to use the USPS as the courier and uses the grade/level of shipping indicated on the USPS branded box. Senders use these third party shipping/moving boxes so they may prepare the parcel away from the post office of mailing to hide the contents from the post office and public view.

5. I know from training and discussions with other law enforcement officers that the following controlled substances are likely to be found during parcel interdictions: marijuana, methamphetamine, cocaine, LSD, psilocybin mushrooms. heroin, opium, MDMA, and the proceeds from the sales of these controlled substances.

6. I know from training and experience parcels containing illegal drugs and/or contraband are typically delivered to addresses of individuals involved in illegal drug trafficking.

7. This affidavit is to support a Complaint for Forfeiture, and is not intended to set forth all information known to me, only enough to support probable cause. As set forth below, there is probable cause to believe that the defendant property represents proceeds traceable to sale of Controlled Substances held in violation of 21 U.S.C. § 841(a)(1), and therefore is subject to forfeiture under 21 U.S.C. § 881(a)(6).

RELEVANT FACTS PERTAINING TO U.S. EXPRESS MAIL PARCEL

8. On September 18, 2017, U.S. Postal Inspectors were conducting an Express Mail profiling operation at the Louisville, KY Mail Processing and Distribution Center. An Express Mail parcel more specifically described as follows:

One(1) Express Mail Parcel measuring approximately 9.25 inches wide x 12 inches long x .5 inches deep, weighing approximately fourteen (14) ounces; addressed to: "Luke Formanek, [number omitted] Carmen Ave, Los Angeles, CA 90068"; return address: "Matthew Hatfield, [number omitted] Charlestown Rd, New Albany, IN 47150"; bearing U.S. Postage for $23.75; Express Mail label number EL387829542US;

9. A visual and physical examination of the Express Mail Parcel was conducted revealing other characteristics that my training and experience have shown are indicative of parcels containing controlled substances as follows:

a. The parcel was shipped to a source state;

b. The recipient name does not associate to the recipient address based on Consolidated Lead Evaluation and Reporting ("CLEAR"), a data base used by the U.S. Postal

Inspection Service to associate addresses and telephone numbers to individuals and business entities;

c. The Signature Required box was not checked;

d. No phone number is listed on the label;

e. The package was mailed later in the afternoon;

f. The package is addressed from person to person;

Other relevant facts: According to CLEAR, there is a person associated to the recipient address by the name of Jake Seltzer. In CLEAR, Jake Seltzer is affiliated with a business called "Dabheads." People who smoke marijuana often refer to the extracted cannabinoids of the marijuana plant as "dabs." Someone who "dabs" a lot is often referred to as a "dabhead."

10. On September 19, 2017, the Express Mail Parcel referred to herein was presented for external examination by Louisville Metro Police Department (LMPD) narcotics detector canine "Jozie" in a "line up" with several other control parcels known to not contain controlled substances. Canine "Jozie" is routinely used to inspect for the presence of narcotics odors. Canine "Jozie" has been trained to detect the odor of narcotics and is currently certified to do so. She maintains an annual certification in the detection of narcotics odors with an accuracy rate of at least 90%. LMPD Detective Billy Keltner, "Jozie's" handler, advised the canine indicated a positive alert on the package for the odor of a controlled substance the canine is trained to recognize. Individuals who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging material they handle. Packaging materials are also often stored in close proximity to the controlled substances, transferring the odor of the controlled substance to the packaging material for which narcotics canines are trained to alert on.

11. On September, 19, 2017, a federal search warrant was obtained for Priority Mail Express parcel EL387829542US. On that same date, the parcel was opened and the first item viewed was a Kohl's catalog inside a vacuum sealed bag. The catalog was removed and found loose inside the catalog in various locations was US currency. The US currency was found to total $6,000.00.

12. Narcotics related parcels are often packaged in a "layering" manner. This type of packaging is used to avoid detection by a trained narcotics sniffing canine. The US Currency in the package was found wrapped with several layers. This packaging appears to be an attempt to hide the US Currency and mask or prevent odors from escaping the currency. There were no notes, receipts or instructions in the parcel. Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds unlike legitimate businesses or gifts whose note, letter, receipt, card or coupon is included with the cash or monetary instruments. The currency consisted mainly of $20 bills, making up $5,160.00 of the $6,000.00. Narcotics traffickers are known to use low denomination currency to conduct their business. Postal Inspectors have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations. The currency in this parcel is consistent with that of narcotics traffickers.

13. On September 21, 2017, an individual identifying himself as Matthew Hatfield contacted the Pittsburgh office of the Postal Inspection Service regarding Priority Mail Express parcel EL387829542US. The caller stated he mailed the parcel and was calling because it was seized by law enforcement. At the time, product tracking did not indicate this but Mr. Hatfield said whomever he spoke to first said it was seized at the processing facility in Louisville, KY and would show as seized shortly. Mr. Hatfield was asked what he was sending and he said it is cash for a car.

14. On September 26, 2017, Inspector Parkerson spoke with Matthew Hatfield regarding Priority Mail Express parcel EL387829542US. Mr. Hatfield stated he mailed the parcel which contained $6,000.00 for the purchase of a canvas painting. Mr. Hatfield stated the value of the painting is $7,000.00 but Mr. Formanek was giving him a deal on it for $6,000.00. According to Mr. Hatfield, he has purchased paintings from Mr. Formanek in the past. Mr. Hatfield was asked if there was any reason a narcotics canine would positively alert on the parcel and he said there was no reason he could think of. Mr. Hatfield also stated he was unclear what a narcotic would be. Mr. Hatfield said the money in the parcel was money he had a while from the sale of a car. Mr. Hatfield confirmed the address on the parcel as a good mailing address for him and provided phone number [number omitted] for him to be contacted.

15. On October 12, 2017, query was made in CLEAR for the address on Charlestown Rd, New Albany, IN 47150. Results returned were able to associate Matthew Hatfield with the address. On October 17, 2017, information was received from the New Albany Post Office which delivers mail to Charlestown Rd, New Albany, IN 47150 that Matthew Hatfield receives mail at the address.

16. On October 12, 2017, query was made in CLEAR for the address on Carmen Ave, Los Angeles, CA 90068. Results returned could not associate Luke Formanek with the address. On October 25, 2017, the Hollywood Station which delivers mail to Carmen Ave, Los Angeles, CA 90068 was contacted. The employee stated they have been on the route for a short time so they are not familiar with names yet but the name Luke Formanek does not sound familiar at the address. There was no mail for the address to verify what names are receiving mail.

17. The US Postal Inspection Service Asset Forfeiture Unit sent out notice of the forfeiture and on November 20, 2017, received Seized Asset Claim Form and a United States Postal Inspection Service a claim and a petition from Matthew Hatfield, via his attorney J. Clark Baird. In both the claim and petition, Matthew Hatfield states the cash was from employment with Local Union Hall 795. He also states the purpose of the cash was to purchase a piece of art from an art gallery in California identified as SoCal Unique Art Gallery. An invoice was provided showing the purchase price of $6,000.00. Mr. Hatfield states the artwork was going to be shipped to him once he paid the remaining tax and shipping fees totaling $1,020.00. He also stated the gallery required the payment to be sent in cash.

18. General Analyst Lee attempted to identify Luke Formanek and/or SoCal Unique Art Gallery. The invoice provided by Matthew Hatfield contained no physical address, phone number, or web address that would normally be included on an invoice. Traditional means of

investigation to include internet search, search of business records with the California Secretary of State and queries in CLEAR were unable to identify Luke Formanek or locate any business listings for SoCal Unique Art Gallery. Internet query was conducted for the artist listed in Matthew Hatfield's claim/petition and the website www.shanebowden.com was located. This website provides information on the artist, lists different pieces of art for sale as well as galleries for his work. SoCal Unique Art Gallery is not listed on the website.

For the aforementioned reasons, there is probable cause to believe that the defendant property represents proceeds traceable to sale of Controlled Substances held in violation of 21 U.S.C. § 841(a)(1), and therefore is subject to forfeiture under 21 U.S.C. § 881(a)(6).

FURTHER AFFIANT SAYETH NAUGHT.

*Kristi Parkers*

Kristi M. Parkerson, Postal Inspector
U.S. Postal Inspection Service

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

                                  PLAINTIFF

V.                              CASE ACTION NO: 3:19-CV-604-RGJ
                                                              *Electronically filed*

SIX THOUSAND DOLLARS IN
UNITED STATES CURRENCY ($6,000.00)

**WARRANT OF ARREST *IN REM* AND NOTICE**

TO:    THE UNITED STATES AND THE UNITED STATES
         MARSHALS SERVICE AND/OR ANY OTHER DULY
         AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS the United States Attorney for the Western District of Kentucky has filed a Verified Complaint for Forfeiture *In Rem* against the above-named defendant property on the __ day of August, 2019, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem*, there is probable cause to believe that the defendant property so described therein constitutes property that is subject to forfeiture for such violations, and that grounds for issuance of a Warrant of Arrest *In Rem* exist, pursuant to Supplemental Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

YOU ARE THEREFORE ORDERED to seize and arrest the defendant property, by serving a copy of this warrant on the custodian, United States Marshals Service, in whose possession, custody, or control the property is presently found and to take the defendant property

into your possession for safe custody, until further order of the Court; and to make your return as provided by law.

      YOU ARE FURTHER ORDERED to send notice to the record owner and any other person believed to have a claim to or interest in the defendant property a copy of the Complaint, Notice of Forfeiture, and this Warrant in a manner consistent with the principles of service of process of any action *in rem* under the Supplemental Rules and the Federal Rules of Civil Procedure, within a reasonable time of seizure, and, to admonish any persons holding a claim to the defendant property to file their claims with the Clerk of this Court within thirty-five (35) days after execution of this process, and to serve their answers within twenty-one (21) days after filing their claims, and finally, that they must serve a copy of any claim and/or pleading upon the Assistant United States Attorney, Amy M. Sullivan, 717 West Broadway, Louisville, Kentucky 40202.

      YOU ARE FURTHER ORDERED, in the event that the defendant property is not released within ten (10) days of execution of process, that you shall cause publication of public notice, as required by Rule G(4) of the Supplemental Rules.  Such notice shall be published for thirty days at www.forfeiture.gov.  This notice shall state that anyone claiming an interest in the defendant property must file: 1) a claim within sixty (60) days from the start of the publication on the internet at www.forfeiture.gov; and 2) an answer within twenty-one (21) days after filing a claim.

      IT IS FURTHER ORDERED that, promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Tendered by:
Amy M.   Sullivan
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502)582-5911
(502)582-5097(fax)
amy.sullivan@usdoj.gov

cc:     United States Attorney (AMS) - two certified copies of order and
        two certified copies of the Verified Complaint